UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASEY F. HOFFMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHELE YDERRAGA, et al.,<br><br>　　　　　Defendants. | No. 2:17-cv-1755 KJN P<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

　　　　Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

　　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the

complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Named as defendants are Lassen County Deputy Clerk Yderraga and the Lassen County Municipal Government. Plaintiff alleges that while he was incarcerated at the Lassen County Jail, defendant Yderraga denied his request for a marriage license. Attached as an exhibit to the complaint is a letter addressed to plaintiff from defendant Yderraga. This letter states, in relevant part,

> Regarding your request for a marriage application, unfortunately I am unable to provide the documents to you at this time. When purchasing a marriage license in Lassen County, both parties must be physically present to sign the marriage license in our office and to provide a valid form of identification.

(ECF No. 1 at 7.)

As relief, plaintiff seeks money damages.

Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." Mullis v. U.S. Bankr. Court for Dist. of Nevada, 828 F.2d 1385, 1390 (9th Cir. 1987). Clerk action that is "a mistake or an act in excess of jurisdiction does not abrogate judicial immunity, even if it results in 'grave procedural errors.'" Mullis, 828 F.2d at 1390 (quoting Stump v. Sparkman, 435 U.S. 349, 359 (1978)). In Mullis, a bankruptcy debtor filed an action against the bankruptcy court clerks. Mullis, 828 F.2d at 1390. The plaintiff alleged denial to access of the court after the court clerks refused to accept and file an amended petition in his bankruptcy action. Mullis, 828 F.2d at 1390. The court found that the clerk of court and deputy clerks are the court officials through whom filing in cases is done. Id. "Consequently, the clerks qualify for quasi-judicial immunity unless these acts were done in the clear absence of all jurisdiction." Id.

In this case, it appears that it was defendant Yderraga's job to respond to requests for marriage licenses. While her response to plaintiff may have been incorrect, as plaintiff suggests, it was not done in the clear absence of all jurisdiction. For these reasons, defendant Yderraga is entitled to quasi-judicial immunity. Although it does not appear that plaintiff can cure these

3

pleading defects, the claims against defendant Yderraga are dismissed with leave to amend.

Also named as a defendant is the Lassen County Municipal Government. The complaint contains no claims against this defendant. However, the undersigned observes that plaintiff previously filed an action in this court against Lassen County and Lassen County Clerk-Recorder Julie Bustamante challenging his denial of a request for a marriage license. See 2: 15-cv-1382 GEB DB P. On July 25, 2017, Judge Barnes recommended that defendants' summary judgment motion be granted in 15-cv-1382. (15-cv-1382, ECF No. 59.) In that case, plaintiff alleged that defendant Lassen County had a policy of requiring both parties to be present to obtain a marriage license and that that policy resulted in the denial of marriage licenses to inmates, particularly jail inmates. (Id. at 8.) Judge Barnes found that plaintiff's claim that such a policy existed was unsupported. (Id. at 9-10.) On that ground, Judge Barnes recommended that defendant Lassen County be granted summary judgment.[1] On August 28, 2017, Judge Burrell adopted the July 25, 2017 findings and recommendations. (Id. at ECF No. 62.)

By naming Lassen County Municipal Government as a defendant in the instant action, it appears that plaintiff is attempting to relitigate the claims he alleged against defendant Lassen County in 15-cv-1382. The related doctrines of res judicata and collateral estoppel limit the ability of litigants to relitigate matters. Under the doctrine of res judicata (also known as the claim preclusion doctrine), "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. Under collateral estoppel [also known as the issue preclusion doctrine], once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." Allen v. McCurry, 449 U.S. 90, 94 (1980) (citation omitted).

To the extent plaintiff is attempting to relitigate the claims against defendant Lassen County that were decided against him in 15-cv-1382, these claims are barred by the doctrine of res judicata. Accordingly, the claims against defendant Lassen County Municipal Government

---

[1] Judge Barnes recommended that defendant Bustamante be granted summary judgment on grounds that plaintiff had not adequately linked her to the alleged deprivation. (Id. at 10-12.)

4

are dismissed. Plaintiff may not raise claims against this defendant in an amended complaint if he only seeks to relitigate the claims that were decided against him in 15-1382.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

      a. The completed Notice of Amendment; and

      b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: September 6, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Hoff1755.14

6

|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | |
| FOR THE EASTERN DISTRICT OF CALIFORNIA | |
| KASEY F. HOFFMAN, | No. 2:17-cv-1755 KJN P |
| Plaintiff, | |
| v. | NOTICE OF AMENDMENT |
| MICHELE YDERRAGA, et al., | |
| Defendants. | |

Plaintiff hereby submits the following document in compliance with the court's order filed_____.

_____    Amended Complaint
DATED:

_____
Plaintiff