UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| KASEY F. HOFFMAN, | No. 2: 17-cv-1755 MCE KJN P |
|---|---|
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| MICHELE YDERRAGA, et al., | |
| Defendants. | |

I. Introduction

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendant's motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 20.) Defendant moves to dismiss on the following grounds: 1) plaintiff's claims are barred by the statute of limitations; 2) plaintiff's complaint fails to state a potentially cognizable claim for relief; and 3) plaintiff's claims are barred by the doctrine of res judicata.

For the reasons stated herein, the undersigned recommends that defendant's motion to dismiss be denied.

II. Legal Standard for Motion to Dismiss

A complaint may be dismissed for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a

1

plaintiff must allege "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. Iqbal, 556 U.S. at 678.

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. Chubb Custom Ins. Co. v. Space Sys./Loral, Inc., 710 F.3d 946, 956 (9th Cir. 2013). Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. Franklin v. Murphy, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

Pro se pleadings are held to a less-stringent standard than those drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam). However, the court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. See Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003) (citing Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981)).

In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted). Although the court may not consider a memorandum in opposition to a defendant's motion to dismiss to determine the propriety of a Rule 12(b)(6) motion, see Schneider v. Cal. Dep't of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), it may consider allegations raised in opposition papers in deciding whether to grant leave to amend. See, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

////

////

III. Plaintiff's Claims

This action proceeds on the second amended compliant against defendant Lassen County Deputy Clerk Michele Yderraga. (ECF No. 12.) Plaintiff alleges that defendant Yderegga denied him his constitutional right to marry. Plaintiff alleges that he sent defendant Yderraga a letter requesting a marriage license. Plaintiff alleges that in May 2015, defendant Yderraga sent plaintiff a response stating that plaintiff and his fiancé needed to be physically present to sign for the marriage license. Plaintiff could not go to the Clerk's Office to sign for the marriage license because he was incarcerated in the Lassen County Jail. Plaintiff alleges that defendant Yderraga violated his right to marry by requiring him to be physically present in order to obtain a marriage license.

Plaintiff seeks money damages.

IV. Collateral Estoppel

At the outset, the undersigned finds that defendant's argument that plaintiff's claims are barred by collateral estoppel may be raised by way of a motion pursuant to Federal Rule of Civil Procedure 12(b)(6). See Wooley v. Martel, 2011 WL 350429 at *3 (E.D. Cal. 2011).

A. Legal Standards

Collateral estoppel, i.e., issue preclusion, bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, whether or not the issue arises on the same or different claim." New Hampshire v. Maine, 532 U.S. 742, 749 (2001). "A party invoking issue preclusion must show:

(1) the issue at stake is identical to an issue raised in the prior litigation;

(2) the issue was actually litigated in the prior litigation; and

(3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action." Littlejohn v. United States, 321 F.3d 915, 923 (9th Cir. 2003). The "actually litigated" requirement is satisfied where the parties "have a full and fair opportunity to litigate the merits of the issue." Id.

////

////

B. Discussion

Defendant argues that the issues raised in this action are identical to those raised by plaintiff in another action in this court, 2:15-1382 GEB DB P.[1] Defendant argues that in case 15-1382, plaintiff sued Lassen County Clerk Bustamante and Lassen County on the grounds that defendants violated his right to marry based on the May 2015 letter from defendant Yderraga to plaintiff. Defendant argues that because Clerk Bustamante and Lassen County succeeded on their summary judgment motion in 15-1382, plaintiff's claim in the instant action that defendant Yderraga violated his right to marry is barred by the doctrine of collateral estoppel.

In case 15-1382, plaintiff named Lassen County Clerk Bustamante and Lassen County as defendants. Plaintiff alleged that he wrote the Lassen County Clerk-Recorder to request an application for a marriage license. (See 2:15-cv-1382, ECF No. 59 at 2.) Plaintiff received a letter dated May 7, 2015, from a deputy clerk, i.e., presently named defendant Yderraga, informing him that she could not provide a marriage application because plaintiff had to be physically present to sign a marriage license. (Id., at ECF No. 59 at 2.) As legal claims, plaintiff alleged that defendants had a policy of requiring both parties to be present to obtain marriage licenses and that this policy resulted in the denial of marriage licenses to inmates. (Id., at ECF No. 59 at 8.)

On July 25, 2017, Magistrate Judge Barnes recommended that defendants' motion for summary judgment, filed in case 15-cv-1382, be granted on the merits. (Id., at ECF No. 59.) Judge Barnes found that defendants did not have a policy requiring both parties to be present to obtain a marriage license. (Id., at ECF No. 59 at 9.) Judge Barnes also found that plaintiff had failed to provide sufficient evidence demonstrating defendant Bustamante's individual liability. (Id. at ECF No. 59 at 10-12.)

> With respect to Bustamante's liability, plaintiff fails to show Bustamante had any involvement in or even knowledge of the deputy clerk's response to plaintiff's inquiry about a marriage license. Supervisory personnel are generally not liable under § 1983 for the

---

[1] The record of a court proceeding is a source whose accuracy cannot reasonably be questioned and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1382, 1388 n. 9 (9th Cir. 1987).

4

> actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisory position, the causal link between her and the claimed constitutional violation must be shown. See Fayle v. Shapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saafeld, 589 F.2d 438, 441 (9th Cir. 1978). Plaintiff offers no evidence to show that Bustamante took any affirmative action or failed to perform an act she was legally required to do that resulted in denying plaintiff the right to marry. Johnson, 588 F.2d at 742.

(Id., at ECF No. 59 at 10.)

Judge Barnes also found that plaintiff had not demonstrated that defendant Bustamante failed to train presently named defendant Yderraga. (Id., at ECF No. 59 at 10-11.)

Judge Barnes made the following comments regarding the May 7, 2015 letter:

> The court also rejects defendants' position that the letter from the deputy clerk was appropriate. It was not. The letter's description of the requirements for obtaining a marriage license in Lassen County was not just less-than-complete; it was wrong. The fact that the letter was addressed to a Jail inmate exacerbated the problem. However, the court need not reach the question of whether the deputy clerk's erroneous letter amounted to an interference with plaintiff's right to marry that is significant under § 1983. Even assuming for purposes of analysis of plaintiff's claim herein that the letter constituted actionable interference, plaintiff fails to either (1) support his own summary judgment motion by providing undisputed facts showing that defendants were responsible for that letter, or (2) oppose defendants' summary judgment motion by showing there are material issues of fact about defendants' responsibility.

(2:15-cv-1382 at ECF No. 59 at 9-10.)

On August 28, 2017, the Honorable Garland E. Burrell adopted the July 25, 2017 findings and recommendations. (Id., at ECF No. 61.) Following entry of judgment in 15-1382, plaintiff filed a notice of appeal. (Id., at ECF No. 65.) Plaintiff's appeal is pending with the Ninth Circuit Court of Appeals.

In the pending motion to dismiss, defendant argues that the issues in plaintiff's claim against defendant Yderraga are identical to the issues raised in case 15-1382. Defendant argues that in both cases, plaintiff argues that the May 7, 2015 letter sent by defendant Yderraga violated his right to marry. Defendant argues that for plaintiff to have succeeded against either defendant Bustamante or defendant Lassen County in case 15-1382, the court must have necessarily found that defendant Yderraga's conduct of sending the letter was a civil rights violation because the

letter formed the basis of plaintiff's suit against both defendants.

As discussed above, in case 15-1382 the court addressed the issue of whether defendants Lassen County and Bustamante had a policy to deny incarcerated inmates marriage licenses. In case 15-1382, the court also addressed the issue of whether defendant Bustamante was liable for the letter sent by defendant Yderraga to plaintiff. In case 15-1382 the court did not decide whether defendant Yderraga violated plaintiff's right to marry by sending him the May 7, 2015 letter.

Plaintiff's claim that defendant Yderraga violated his right to marry was not at stake in case 15-1382. Plaintiff's claim that defendant Yderraga violated his right to marry was not actually litigated and decided in case 15-1382.[2] Accordingly, defendant's motion to dismiss on the grounds that plaintiff's claims are barred by the doctrine of collateral estoppel should be denied.[3]

V. Statute of Limitations

Defendant argues that plaintiff's claims are barred by the statute of limitations.

The applicable statute of limitations on a claim begins to run upon accrual, that is when a plaintiff knows or has reason to know of the injury which forms the basis of the claim. See Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) ("Under federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action."). This is normally the date of the injury. See Ward v. Westinghouse Canada, Inc., 32 F.3d 1405, 1407 (9th Cir. 1994). In this case, plaintiff had knowledge of the alleged injury on or around May 7, 2015, i.e., the date defendant Yderraga sent him the at-issue letter.

---

[2] In the instant action, plaintiff does not claim that defendant Yderraga followed a Lassen County policy when she informed him that he must be physically present to obtain a marriage license.

[3] Plaintiff's claims against defendant Yderraga may be barred by claim preclusion. Claim preclusion "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action. . . . (emphasis added). The doctrine is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001) (internal citations and quotation marks omitted). Defendant may raise claim preclusion in a summary judgment motion.

Although Section 1983 does not contain its own statute of limitations, federal courts "apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal laws." Canatella v. Van De Kamp, 486 F.3d 1128, 1132 (9th Cir. 2007 (citation omitted). The statute of limitations for personal injury torts in California is two years. See Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004); Cal. Civ. Proc. Code § 335.1.

Defendant argues that plaintiff filed this action on August 18, 2017, which is more than two years after defendant Yderraga sent plaintiff the at-issue letter in May 2015. For this reason, defendant argues that this action is barred by the statute of limitations.

Defendant's motion to dismiss does not address California Civil Procedure Code section 352.1. Section 352.1 provides that when a plaintiff is "imprisoned on a criminal charge" for "a term less than life" at the time the cause of action accrues, the statute of limitations is statutorily tolled during the time of his imprisonment for up to two years. Thus, a prisoner serving a term less than life in California effectively has four years to file a federal section 1983 claim. If Section 352.1 is applicable, the instant action may not be barred by the statute of limitations.

The California Court of Appeal has recently held that "a would-be plaintiff is 'imprisoned on a criminal charge' within the meaning of section 352.1 [only] if he or she is serving a term of imprisonment in the state prison." Austin v. Medicis, 21 Cal. App. 5th 577, 597 (2018). Accordingly, the Austin court found that an arrestee who was in pretrial custody in a county jail at the time his claims accrued was not "imprisoned on a criminal charge" for purposes of § 352.1 and the statute's automatic tolling provisions did not apply. Id.; see also Shaw v. Sacramento County, 343 F.Supp.3d 919, 923-24 (E.D. Cal. 2018).

It is not clear whether plaintiff was a pretrial detainee or a convicted prisoner on May 7, 2015. Without this information, the undersigned cannot determine the applicability of Section 352.1. Because the undersigned cannot determine whether plaintiff's claims are barred by the statute of limitations, defendant's motion to dismiss on these grounds should be denied.

////
////

VI. Are Plaintiff's Claims Potentially Colorable?

The Supreme Court has ruled that the right to marry is part of the fundamental "right of privacy" implicit in the Fourteenth Amendment's Due Process Clause. Zablocki v. Redhail, 434 U.S. 374, 384 (1978). "While the outer limits of [the right of personal privacy] have not been marked by the Court, it is clear that among the decisions that an individual may make without unjustified government interference are personal decisions 'relating to marriage....'" Id. at 385. The fundamental right to marry, although subject to substantial restrictions, survive in a prison context. Turner v. Safley, 482 U.S. 78, 95–96 (1987).

Plaintiff's claim is based on defendant Yderraga's May 7, 2015 letter which states, in relevant part,

> Regarding your request for a marriage application, unfortunately I am unable to provide the document to you at this time. When purchasing a marriage license in Lassen County, both parties must be physically present to sign the marriage license in our office and to provide a valid form of identification.

(ECF No. 12 at 7.)

In the motion to dismiss, defendant argues that the May 7, 2015 letter did not deprive plaintiff of his right to marry because defendant's failure to mail marriage license documents to an absent party does not interfere with the "proper legal procedure" available to that party to obtain a marriage license. Defendant goes on to address the "proper legal procedure" for a person who is unable to physically go to the clerk's office to obtain a marriage license. Defendant discusses cites California Family Code sections 350, 354, 359 and 426.

Section 350(a) provides, in relevant part, that before entering a marriage, the parties shall first obtain a marriage license from a county clerk. Section 354(a) provides, in relevant part, that each applicant for a marriage license shall be required to present authentic photo identification acceptable to the county clerk as to name and date of birth. Section 359(a) provides, in relevant part, that, except as provided in section 426, applicants to be married shall first appear together in person before the county clerk to obtain a marriage license.

Section 426 provides, in relevant part, that if either or both parties to be married are incarcerated, making them physically unable to appear in person before the county clerk, a

1 marriage license may be issued by the county clerk to the person solemnizing the marriage if the
2 following requirements are met: (a) the person solemnizing the marriage physically presents an
3 affidavit to the county clerk explaining the reason for the inability to appear; (b) the affidavit is
4 signed under penalty of perjury by the person solemnizing the marriage and by both parties; (c)
5 the signature of any party to be married who is unable to appear in person before the county clerk
6 is authenticated by a notary public or a court prior to the county clerk issuing the marriage
7 license; and (d) sufficient reasons include proof of incarceration proved to the satisfaction of the
8 county clerk.

9       In the motion to dismiss, defendant argues that section 426 contains procedures for
10 incarcerated persons to obtain marriage licenses that do not require incarcerated persons to
11 physically appear in the clerk's office to obtain a marriage license. Defendant argues that
12 plaintiff makes no allegation that he attempted to avail himself of these procedures prior to filing
13 this action. Defendant argues that because at all times there was a procedure available to plaintiff
14 for acquiring a marriage license, and because there is no procedure in California permitting a
15 county clerk to issue a marriage license by mail, a letter from the clerk declining to provide
16 someone with marriage documents by mail cannot by itself constitute a deprivation of the right to
17 marry.

18       In the May 7, 2015 letter to plaintiff, defendant Yderraga stated that she could not provide
19 plaintiff with a marriage application because, "[w]hen purchasing a marriage license in Lassen
20 County, both parties must be physically present to sign the marriage license in our office and to
21 provide a valid form of identification." (ECF No. 12 at 7.) Defendant Yderraga's May 7, 2015
22 letter, which is clearly addressed to an inmate in the Lassen County jail, states that both parties
23 *must* physically appear at the Lassen County Clerk's Office to obtain a marriage license. This is
24 an incorrect statement of the law because California Family Code Section 426 contains a
25 procedure by which incarcerated inmates may obtain marriage licenses which does not require
26 them to be physically present. In other words, defendant Yderraga did not simply decline to
27 provide plaintiff with marriage documents by mail.
28 ////

In the reply to plaintiff's opposition, defendant argues that she did not have an affirmative duty to inform plaintiff of the provisions of the Family Code, apparently in reference to section 426 containing the procedures by which incarcerated individuals may obtain marriage licenses. However, this argument ignores the fact that the May 7, 2015 letter contained a misstatement of the law in that it wrongly informed plaintiff that he had to physically appear at the Lassen County Clerk's Office to obtain a marriage license.

Because defendant Yderraga wrongly informed plaintiff that he had to physically appear in the Lassen County Clerk's Office to obtain a marriage license, the undersigned cannot find that defendant Yderraga did not violate plaintiff's right to marry. Although procedures existed for incarcerated inmates to obtain marriage licenses, defendant Yderraga's letter did not mention these procedures. The practical effect of defendant Yderraga's letter was to inform plaintiff that an incarcerated individual could not marry in Lassen County because they could not physically appear at the Clerk's Office in order to obtain a marriage license.

For the reasons discussed above, defendant's motion to dismiss on the grounds that plaintiff failed to state a potentially colorable claim for relief should be denied.[4]

Accordingly, IT IS HEREBY RECOMMENDED that defendant's motion to dismiss (ECF No.20) be denied.

These findings and recommendations are submitted to the United States District Judge

---

[4] In the motion to dismiss, defendant does not argue that defendant Yderraga is entitled to quasi-judicial immunity. See Mullis v. U.S. Bankr. Court for Dist. of Nevada, 828 F.2d 1385, 1390 (9th Cir. 1987) (court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process.") Quasi-judicial immunity extends only to judicial functions and does not extend to tasks that are administrative or ministerial in nature. Forrester v. White, 484 U.S. 219 (1988). "[T]o determine whether a nonjudicial officer is entitled to absolute quasi-judicial immunity, courts must look to the nature of the function performed and not to the identity of the actor performing it." In re Castillo, 297 F.3d 940, 948 (9th Cir. 2002). "[I]t is only when the judgment of an official other than a judge involves the exercise of discretionary judgment that judicial immunity may be extended to that non judicial officer." Id. at 949. In Lockyer v. City and County of San Francisco, 33 Cal.4th 1055, 1082 (2004), the California Supreme Court found that the duty of the county clerk to issue marriage licenses is ministerial rather than discretionary. Taking into account these legal standards, defendant may raise the issue of quasi-judicial immunity in a summary judgment motion.

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 12, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Hoff1755.mtd